Garland Ray PHILLIPS *v.* STATE of Arkansas

CA CR 07-391                                                272 S.W.3d 123

Court of Appeals of Arkansas
Opinion delivered January 23, 2008

*Kathy L. Hall,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

BRIAN S. MILLER, Judge. Appellant Garland Phillips appeals the January 16, 2007, revocation of his suspended imposition of sentence by the Crawford County Circuit Court. Phillips argues that the trial court erred when it refused to consider whether

his failure to pay fines and restitution was "inexcusable." We agree and reverse and remand for further proceedings.

On September 20, 2005, Phillips pled guilty to one count of overdraft in case number CR 04-444-2. His sentence was suspended based on the following terms and conditions: that he pay $911.74 restitution at the rate of fifty dollars per month beginning on October 10, 2005; that, upon completing his restitution payments, he pay a $1250 fine and $150 in court costs at the rate of fifty dollars per month; that he provide a DNA sample; and that he pay a DNA fee of $250.

On February 16, 2006, Phillips pled guilty to two counts of battery in the second degree in case number CR 05-148-2. His sentence was suspended based on the following terms and conditions: that he pay a $750 fine and $150 in court costs at the rate of twenty-five dollars per month, beginning on March 6, 2006; that he provide a DNA sample; and that he pay a DNA fee of $250. The $250 DNA fee was later waived by court order.

The State petitioned to revoke Phillips's suspended imposition on May 22, 2006, alleging that Phillips violated the conditions of his suspended sentences by failing to pay fines, costs and restitution, and by failing to submit a DNA sample. At the December 12, 2006 revocation hearing, Janis Joslin, the Crawford County victim's witness coordinator, testified that Phillips had made no payments in CR 05-148-2 and only one payment in CR 04-444-2. Payment ledgers supporting this testimony were introduced into evidence without objection. Joslin also testified that Phillips had failed to report to the sheriff's office to submit to DNA testing.

Phillips testified that he had chronic obstructive pulmonary disease and his only income was the $660 per month that he received in disability payments; that he paid $250 per month in rent; that his electric bill was approximately $100 per month; and that he paid between $43 and $63 per month for medication. He also stated that, during the period at issue, he had paid off fines in Lonoke and Waldron and was currently paying fines in Alma at the rate of $100 per month. Phillips further testified that "I'm paying what I can. I'm doing the best I can. I'm not trying to not pay you. I just don't have the money to pay you."

At the close of the evidence, defense counsel argued that the court was required to consider Phillips's inability to pay. The trial court continued the case for approximately one month. When the

case was reconvened, the court found that the State met its burden by showing that Phillips failed to pay his fines and costs and it held that it was not required to consider whether Phillips was unable to pay the fines and costs. Specifically, the court held that:

> You were arguing that well he's got some circumstances that keep him from paying, you know, prohibiting him from paying and it's not willful then that may play into whether it's a contempt . . . But it appears to me if you enter a plea agreement and you say you will pay, and you don't pay as agreed then you violated the terms of that agreement . . .

The court ruled that Phillips violated his suspended sentence and sentenced Phillips to two years in prison with an additional four years suspended in each case to run concurrently. The judgment and commitment order was entered on January 26, 2007. This appeal followed.

A trial court may revoke a defendant's suspension at any time prior to the expiration of the period of suspension if it finds by a preponderance of the evidence that the defendant has *inexcusably* failed to comply with a condition of his suspension. Ark. Code Ann. § 5-4-309(d) (Repl. 2006); *Reese v. State,* 26 Ark. App. 42, 759 S.W.2d 576 (1988) (emphasis added). This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Williams v. State,* 351 Ark. 229, 91 S.W.3d 68 (2002). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Richardson v. State,* 85 Ark. App. 347, 157 S.W.3d 536 (2004). The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

Where the alleged violation is a failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was *inexcusable. Reese, supra* (emphasis added). Once the State has introduced evidence of non-payment, the burden shifts to the defendant to offer some reasonable excuse for his failure to pay. *Id.* Arkansas Code Annotated section 5-4-205(f)(3) (Repl. 2006) sets forth several factors to be considered by the trial court, including the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

■ The trial court erred in failing to consider whether Phillips's failure to pay was excusable. Although the State met its burden of showing that Phillips failed to pay his restitution, fines, and costs, there was evidence showing that Phillips had only $60 left after monthly expenses. This was sufficient evidence to require the court to consider whether Phillips's failure to pay was excusable. Therefore, we reverse and remand, and instruct the trial court to make findings as to whether Phillips's failure to pay was excusable.

The trial court did not rule on the State's argument that Phillips violated his probation by failing to submit a DNA sample. Therefore, we do not address that issue. It may, however, be addressed by the court on remand.

Reversed and remanded.

HART and HEFFLEY, JJ., agree.