2012 Ark. App. 420
**Terry Lee MACE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–825.**

Court of Appeals of Arkansas.

June 27, 2012.

John C. Burnett, Atkins, for Appellant.

Dustin McDaniel, Atty. Gen., Eileen W. Harrison, Asst. Atty. Gen., for Appellee

DAVID M. GLOVER, Judge.

This is the third time that this case has been before our court in a no-merit format. Appellant Terry Mace was found guilty in a jury trial of the offense of aggravated robbery; the conviction was enhanced based on his use of a firearm during the offense. He was sentenced to fifteen years on the aggravated-robbery conviction, with an additional five years for the firearm enhancement.

Mace's counsel initially filed a motion to withdraw with an accompanying no-merit brief; on June 29, 2011, our court denied Mace's counsel's motion and remanded the case to settle and supplement the record because counsel did not designate the entire record to be brought up on appeal. *Mace v. State*, 2011 Ark. App. 472, 2011 WL 2577550. On January 11, 2012, our court ordered rebriefing because counsel's supplemental abstract did not comport with our appellate rules and because there were at least two adverse rulings that were not abstracted. *Mace v. State*, 2012 Ark. App. 42, 2012 WL 76157.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has again filed a motion to withdraw on the grounds that the appeal is without merit. Counsel's motion is accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to appellant made by the trial court on all objections, motions, and requests made by either party, along with an explanation as to why each adverse ruling is not a meritorious ground for reversal. When the clerk of this court initially furnished Mace with a copy of his counsel's brief and notified him of his right to file pro se points, Mace filed pro se points. This court has been unable to address these points until now, due to the several returns of this brief to counsel.

*Sufficiency of the Evidence*

At the close of the State's case, Mace's counsel made the following motion

for directed verdict: "Judge, at this time, I'd like to move for a motion for directed verdict based on insufficiency of the evidence. The State hasn't properly met its burden as far as implication of the witness or other matters that constitute aggravated robbery." The motion was denied. Counsel renewed the motion on the same grounds at the close of all the evidence and the renewal motion was also denied.

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure (2011) provides, "In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor." Subsection (c) of Rule 33.1 states that a motion for directed verdict must specify in what respect the evidence is deficient; that a motion merely stating that the evidence is insufficient does not preserve issues relating to a specific deficiency; and that the failure to challenge the sufficiency of the evidence in the manner required in subsection (a) constitutes a waiver of any question with regard to the sufficiency of the evidence.

In this case, counsel's motion for directed verdict failed to state with specificity the deficiency in the State's evidence, in contravention of the requirements of Rule 33.1. For this reason, the sufficiency of the evidence is not preserved for appellate review.

### Other Adverse Rulings

■ There were several other rulings made at the trial that were adverse to Mace. The bulk of those rulings centered around a continuing objection based on a chain-of-custody argument to the items found in Mace's car pursuant to a search warrant. The crux of the repeated objections was that while the officer had testified that each item was logged into evidence at the police department and placed in the evidence room, where the items had remained until trial, there had been no testimony as to who had received the items and no evidence log had been produced.

In *Laswell v. State*, 2012 Ark. 201, at 15, 404 S.W.3d 818, 827–28 (citations omitted), our supreme court held:

The purpose of establishing chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. The circuit court must be satisfied within a reasonable probability that the evidence has not been tampered with, but it is not necessary for the State to eliminate every possibility of tampering. Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. We have stated that the proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive. Absent evidence of tampering, the circuit court's ruling will not be disturbed unless it was a clear abuse of discretion.

Here, there was no evidence of tampering presented, and there was testimony that the items were logged into evidence and remained in the evidence room until the trial. The trial court did not abuse its discretion in overruling Mace's objections.

■ During sentencing, Mace requested a jury instruction on robbery as a lesser-included offense of aggravated robbery. The trial court refused to give the robbery instruction to the jury, finding that there was no rational basis for that instruction. In this case, the trial court did not err in refusing to give the lesser-included instruction.

■ A person commits robbery if, "with the purpose of committing a felony

or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark.Code Ann. § 5–12–102(a) (Repl.2006). A person commits aggravated robbery if he commits robbery and is armed with a deadly weapon. Ark.Code Ann. § 5–12–103(a)(1) (Repl.2006). Robbery is a lesser-included offense of aggravated robbery. *Hill v. State*, 276 Ark. 300, 634 S.W.2d 120 (1982). It is error to refuse to give a jury instruction for a lesser-included offense if the instruction is supported by even the slightest evidence; however, a trial court's decision to refuse to give a lesser-included-offense instruction will be affirmed if there is no rational basis for giving the instruction. *Nickelson v. State*, 2012 Ark. App. 363, 417 S.W.3d 214. Here, there was no rational basis for giving the robbery instruction. It is undisputed, as in *Nickelson, supra*, that an armed robbery took place; therefore, it was not error to refuse to give the robbery instruction.

■ The last adverse ruling involved the number of prior felonies of which Mace had been convicted. No argument was raised that Mace had been convicted of a felony in Johnson County in 2009. However, his counsel argued that a 1995 Pope County conviction represented one, not three, felonies. This argument has no merit. The judgment and disposition order in question clearly lists three separate theft-of-property offenses. The trial court did not err in finding that Mace had four prior felony convictions.

### Mace's Pro Se Points

Mace filed pro se points when his counsel's original brief and motion to withdraw were filed. He argues that his counsel was ineffective; that there were biased jurors; that he should have been granted a change of venue; that evidence was improperly admitted; that a plea bargain was not discussed; that his initial statement was coerced; and that his *Miranda* rights were not read to him. None of these points constitute reversible error.

The only argument Mace raises that was preserved for appeal is the chain-of-custody objections that have been discussed above.

■ Mace failed to raise an ineffective-assistance-of-counsel argument to the trial court. Ineffective assistance claims that are not first made to the trial court will not be considered for the first time on appeal. *VanOven v. State*, 2011 Ark. App. 46, at 8–9, 380 S.W.3d 507, 513–14.

■ Mace complains that when the jury was being picked, one juror told the trial court "I know he's guilty," and another stated, "My husband works at the sheriff station and I have been told that he is guilty." From our review of the record, it appears that Mace is referring to two female prospective jurors, Ms. Yount and Ms. Ross. During voir dire, Ms. Yount stated that she could not be a fair and impartial juror because she had worked for the victims for ten years, and she was excused for cause. Likewise, Ms. Ross stated that her husband was a deputy and that he had probably told her that Mace was guilty, and she too was excused for cause. Furthermore, the qualifications of jurors cannot be challenged for the first time on appeal—if a biased juror is forced upon a defendant, he must make an appropriate record at the end of voir dire. *Carruth v. State*, 2012 Ark. App. 305, 2012 WL 1537809. Both the prosecution and the defense stated that the jury was good for them, and there was no objection on the basis of bias at that time.

Mace's arguments concerning his counsel's failure to request a change of venue, failure to raise the issue of a plea bargain, and his contention that his first statement was coerced and that he was not read his *Miranda* rights are all issues that were not argued to the trial court and are being raised for the first time on appeal. The appellate courts do not consider issues raised for the first time on appeal. *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727. Furthermore, there was no motion filed to suppress Mace's statement, and testimony at trial contradicted Mace's assertions that his statement was coerced and that he was not read his *Miranda* rights prior to giving his statement.

From a review of the record and the brief presented to this court, Mace's counsel has complied with the requirements of Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel's motion to be relieved is granted, and Mace's conviction is affirmed.

Affirmed; motion granted.

WYNNE and BROWN, JJ., agree.