
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–12–839

| | | |
|---|---|---|
| HONOR WILLIAMS | | **Opinion Delivered** October 23, 2013 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2006-1391] |
| STATE OF ARKANSAS | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

This revocation case returns to us after our order for rebriefing. *See Williams v. State*, 2013 Ark. App. 323. Honor Williams contends in his current appeal that "the revocation is not sustained by a preponderance of the evidence." We affirm.

In order to revoke probation or a suspended imposition of sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16–93–308(d) (Supp. 2011). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Mars v. State*, 2013 Ark. App. 173.

The State alleged in its petition to revoke that Williams had violated conditions of probation by failing to pay fines, costs, and fees as directed; failing to report; failing to pay probation fees; failing to notify of current address and employment; possessing and using marijuana; attempting to compromise a drug test; and failing to complete community service

in lieu of fees. The court announced its findings from the bench at the conclusion of the revocation hearing: "From the testimony here and by your own admission, you have inexcusably violated the terms and conditions of your probation by failing to report to your probation officer as you were directed to and by using and continuing to use marijuana." On this basis, the court revoked probation and sentenced Williams to five years in the Arkansas Department of Correction.

Williams argues for the first time on appeal that "it is inconsistent" for the court to "agree with" two alleged violations while not agreeing with the other five allegations. We cannot consider an argument that the circuit court did not have an opportunity to rule on. *Rudd v. State*, 2010 Ark. App. 784.

The State need show only one violation of probation. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). The only appealable findings in this case are that Williams failed to report as directed and that he used marijuana. On appeal, he does not challenge his testimony at his revocation hearing that he quit reporting because his probation officer threatened to lock him up for reasons having nothing to do with "those positive marijuana tests because that had already occurred." We cannot say that the circuit court's findings that Williams violated two conditions are clearly against the preponderance of the evidence.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

2