# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–649

| | |
|---|---|
| | **Opinion Delivered** January 15, 2014 |
| BRANDY MICHELLE GOODMAN<br>APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. CR–08–207] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | MOTION DENIED; REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Brandy Goodman's probation was revoked on the underlying charge of endangering the welfare of a minor after the trial court found that she had violated the terms and conditions of her probation. She was sentenced to two years in the Community Correction Center. Goodman's counsel has filed a motion to withdraw, alleging that an appeal is wholly without merit. Goodman was notified of her right to file pro se points for reversal; however, she has not done so. We deny counsel's motion to withdraw and order rebriefing.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client

that were made on any objection, motion, or request made by either party.[1] The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal.[2] This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[3] Our supreme court has held that the failure to abstract and discuss any adverse ruling in an *Anders* brief necessitates rebriefing.[4]

Here, counsel has failed to follow the standards for submitting no-merit briefs as set out in *Anders*.[5] For example, counsel has failed to address Goodman's request for "house arrest or something else" so that she could still "be there for [her] children" at her sentencing. Additionally, counsel has failed to abstract any of Goodman's testimony or statements made during the revocation and subsequent sentencing hearing. Therefore, we deny his motion to withdraw.[6] Counsel is urged to read the requirements for submitting no-merit briefs as set out in both *Anders*[7] and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

[2]*Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001).

[3]*Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

[4]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

[5]*Anders, supra.*

[6]We note that counsel failed to reference Rule 4–3(k) or *Anders v. California*, *supra*, in his motion to withdraw. Although counsel references Rule 4–3(j) in his brief, that is not the appropriate subsection for the withdrawal of counsel.

[7]*Supra.*

Appeals.[8] Goodman has fifteen days from the date of this opinion to file a substituted abstract, brief, and addendum.[9]

Motion denied; rebriefing ordered.

WYNNE and HIXSON, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

No response.

---

[8](2012).

[9]Ark. Sup. Ct. R. 4–2(b)(3) (2013).