# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-760

| | |
|---|---|
| BRANDON MICHAEL ROGERS<br><br>APPELLANT | **Opinion Delivered:** May 14, 2014<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. CR-2008-1 A] |
| V. | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Brandon Rogers argues that the circuit court erred in revoking his suspended imposition of sentence by finding that his nonpayment of restitution, fines, costs, and fees was willful and inexcusable. We find no error and affirm.

Rogers pleaded guilty to the charge of battery in the second degree and received a suspended sentence of six years. As a part of his plea agreement, he was ordered to pay restitution, fines, costs, and fees. The State filed a petition and an amended petition for revocation alleging that Rogers ceased making payments on these obligations. After a revocation hearing, the circuit court found that Rogers had inexcusably violated the conditions of his suspended sentence by not paying his restitution, fines, costs, and fees.

A circuit court may revoke a defendant's suspended imposition of sentence if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2013).

Because this determination turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). Where the alleged violation is failure to make court-ordered payments, the failure to pay must be inexcusable. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Once the State introduces proof of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for the failure to pay. *McGuire v. State*, 2014 Ark. App. 52.

At Rogers's revocation hearing, his entire file was made part of the record. The State introduced evidence that, other than one exception, he had not made any payments toward restitution, fines, costs, or fees in over three years. Rogers testified that he was aware of these obligations, but contended he had trouble obtaining work due to his prison record. He also admitted that he worked for a hotel in 2012 and was recently hired at Burger King. Rogers claimed that he saved money from his new job and was planning to use it along with his brother's casino winnings to make a payment towards his arrearages, but that the money was stolen from his car a few nights before the hearing.

Due to the uncontroverted evidence that Rogers violated terms of his suspended sentence, the question becomes whether his violation was inexcusable. The circuit court found Rogers's testimony self-serving and not credible. The court specifically mentioned the fact that Rogers held two jobs and still failed to make any payments. Because we defer to the circuit court's superior position to determine issues of credibility, we cannot say that the court was wrong to find that Rogers failed to meet his burden of showing a reasonable excuse for his failure to pay. Therefore, we affirm.

Affirmed.

WALMSLEY and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Attorney General, by:   *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.