SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–649

| | |
|---|---|
| BRANDY MICHELLE GOODMAN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 21, 2014<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CR–08–207]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>SUPPLEMENTAL RECORD AND ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

Appellant Brandy Goodman's probation was revoked on the underlying charge of endangering the welfare of a minor after the trial court found that she had violated the terms and conditions of her probation. She was sentenced to two years in the Community Correction Center. Pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4-3(k), Goodman's counsel has filed a motion to withdraw on the grounds that an appeal would be wholly without merit. Goodman was notified of her right to file pro se points for reversal;

---

[1]386 U.S. 738 (1967).

however, she has not done so. We order a supplemental record and addendum, and deny counsel's motion to withdraw.[2]

Although Goodman's probation for endangering the welfare of a minor was the subject of the State's revocation petition, the sentencing order for that offense is not included in the record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted.[3] Because the sentencing order for the underlying charge is material, we order that the record be supplemented. Goodman has thirty days from today to file a supplemental record with this court. After the record is supplemented, the addendum will also need to be supplemented to include the missing sentencing order.

Supplemental record and addendum ordered; motion to withdraw denied.

GLADWIN, C.J., and VAUGHT, J., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

No response.

---

[2]This is the second time this case has been before us. We originally denied counsel's motion to withdraw and ordered rebriefing due to deficiencies in the brief. *Goodman v. State*, 2014 Ark. App. 45.

[3]Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *Hadley v. State*, 2010 Ark. App. 536.