

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–13–689

| | |
|---|---|
| PAUL HENYARD **APPELLANT** | **Opinion Delivered** June 4, 2014 |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2010-1058] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS **APPELLEE** | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RHONDA K. WOOD, Judge**

In compliance with Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Henyard's attorney brings this no-merit appeal along with a motion asking to be relieved as counsel. The motion to withdraw is accompanied by a brief, including both a discussion of all matters in the record that might arguably support an appeal and a statement as to why counsel considers the points to be incapable of supporting a meritorious appeal. Henyard also filed pro se points. We affirm and grant counsel's motion to withdraw.

The circuit court found Paul Henyard guilty of burglary and theft-of-property and ordered three years' suspended imposition of sentence and six years' probation. The State filed a petition to revoke alleging that, among other things, he failed to pay his fines, costs, and fees, and that he committed new criminal offenses. The circuit court revoked his

 

suspended sentence and probation, sentencing him to a total term of 180 months' imprisonment in the Arkansas Department of Correction.

The State needs to show only one violation of probation in order to sustain a revocation. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Here, there was testimony from an employee of the Crittenden County Sheriff's Department that Henyard had not paid any monies toward his fines or costs as ordered. An employee of the Department of Community Correction also testified that Henyard made no payments toward his probation fees in the almost two years prior to the revocation. This was sufficient for the court to find that Henyard violated his terms and conditions by failing to pay fines, costs, and probation fees.

In his pro se points, Henyard challenges the proof of his commission of new criminal offenses as grounds for his revocation. Even if Henyard was correct in his allegation concerning proof of these grounds, there was plenty of evidence supporting the revocation for failure to pay fines and fees. The State's proof of one violation is sufficient to support a revocation. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Henyard also raises what amounts to an ineffective-assistance-of-counsel claim, however no such claim was raised below. We do not consider ineffective-assistance claims that are not first made to the trial court. *Mace v. State*, 2012 Ark. App. 420, 421 S.W.3d 335.

From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4-3(k)(l) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and the revocation is affirmed.



Affirmed; motion to withdraw granted.

PITTMAN and HIXSON, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.