

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-61

|  |  |  |
|---|---|---|
| DAMIEN CRUMP | | **Opinion Delivered** June 18, 2014 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR-2002-363] |
| V. | | HONORABLE BERLIN C. JONES, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RHONDA K. WOOD, Judge

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Damien Crump's attorney brings this no-merit appeal along with a motion asking to be relieved as counsel. The motion to withdraw is accompanied by a brief, including both a discussion of all matters in the record that might arguably support an appeal and a statement as to why counsel considers the points to be incapable of supporting a meritorious appeal. Crump filed pro se points. We affirm and grant counsel's motion to withdraw.

The circuit court found Crump guilty of a felony hot-check violation and ordered sixty months of probation subject to written conditions. The court extended his probation twice for violating written conditions, including not reporting to his probation officer, not paying his fines, fees, and restitution, not completing his community service, and

SLIP OPINION

committing new criminal offenses. The State filed a third petition to revoke alleging that Crump violated his probation by testing positive for THC, failing to report to his probation officer, failing to pay his fines and restitution, failing to complete his required community service, and failing to complete his GED. The circuit court revoked his probation, sentencing him to a total term of seven years' imprisonment in the Arkansas Department of Correction.

The State needs to show only one violation of probation in order to sustain a revocation. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Here, there was testimony from Crump's probation officer that he tested positive for THC in violation of his probation. This was sufficient evidence for the court to find that Crump violated his terms and conditions.

In his pro se points for reversal, Crump argues 1) that he did obtain his GED, but did not realize the probation officer never received the certificate; 2) that he could not obtain a job because he was at home taking care of his wife and child; 3) that the probation officer that testified in his case should have come from the Little Rock office instead of the Pine Bluff office; and 4) that the circuit court judge that heard his case may have been tired and frustrated when he presided over Crump's hearing. Pro se points three and four were not raised at the hearing below and therefore we cannot consider them on appeal. *Williams v. State*, 375 Ark. 132, 289 S.W.3d 97 (2008). Crump testified as to points one and two, but the trial court did not find him credible. However, even had the proof been insufficient to revoke for failure to pay fines and failure to obtain his GED,

Crump admitted that he failed to report to his probation officer, and there was also evidence that he failed a drug test.

From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4-3(k)(1) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted and the revocation is affirmed.

Affirmed; motion to withdraw granted.

HARRISON and GRUBER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.