SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–649

|  |  |
|---|---|
| | **Opinion Delivered** October 1, 2014 |
| BRANDY MICHELLE GOODMAN<br>APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CR–08–207] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant Brandy Goodman's probation was revoked on the underlying charge of endangering the welfare of a minor after the trial court found that she had violated the terms and conditions of her probation. She was sentenced to two years in the Community Correction Center. Pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4-3(k), appellant's counsel has filed a motion to withdraw on the grounds that an appeal would be wholly without merit. Appellant was notified of her right to file pro se points for reversal; however, she has not done so. We affirm and grant counsel's motion to withdraw.[2]

---

[1]386 U.S. 738 (1967).

[2]This case returns to us for a third time. We have twice denied counsel's motion to withdraw. *See Goodman v. State*, 2014 Ark. App. 326, and *Goodman v. State*, 2014 Ark. App. 45.

Appellant's revocation hearing took place on March 27, 2013. At the hearing, Brad Coyle, appellant's probation officer, testified that appellant had violated several conditions of her probation, including: testing positive for amphetamine/methamphetamine, failing to report for a drug assessment, failing to report for scheduled office visits, being arrested and charged with possession of drug paraphernalia, and being arrested and charged with shoplifting.

Appellant testified that she had made some strides and had done her best to comply with the terms and conditions of her probation. She stated that she was not guilty of the shoplifting charge, although she had been found guilty. She testified that she did not fail to report to her probation officer, but insisted that the appointments were rescheduled after she called in.

The court found appellant in violation of the terms and conditions of her probation and sentenced her to two years in the Community Correction Center. This timely appeal followed.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party.[3] The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal.[4] This court is bound to perform a full examination of the

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001).

proceedings as a whole to decide if an appeal would be wholly frivolous.[5] Our supreme court has held that the failure to abstract and discuss any adverse ruling in an *Anders* brief necessitates rebriefing.[6]

The State needs to show only one violation of probation in order to sustain a revocation.[7] Here, appellant's probation officer testified to a number of violations by appellant. This testimony was sufficient for the trial court to find appellant violated her probation.

From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule 4–3(k).[8] We agree with counsel that an appeal in this case would be wholly without merit. Therefore, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and WOOD, J., agree.
*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.
No response.

---

[5]*Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

[6]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

[7]*Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008).

[8]The State originally filed a petition to revoke appellant's probation on July 6, 2012. It subsequently sought to withdraw its request, and the trial court filed an order on October 12, 2012, withdrawing the State's original petition. The State filed a new petition on November 2, 2012. At the revocation hearing, counsel argued that the State's evidence should be limited to allegations not included in the original petition. The court found that the petition was withdrawn, not dismissed, and allowed the State to rely on allegations contained in the original petition at the revocation hearing. Counsel correctly notes that the withdrawal of the petition is not the same as a dismissal, and, therefore, does not constitute an affirmative defense of former prosecution for the same offense.