

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–960

| | |
|---|---|
| ANTHONY McLEMORE, JR.<br>APPELLANT | **Opinion Delivered** June 17, 2015 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT, [NO. CR–11–486] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## RAYMOND R. ABRAMSON, Judge

This is a no-merit appeal from the second revocation of Anthony McLemore, Jr.'s probation. In February 2012, McLemore entered a negotiated plea of nolo contendere to residential burglary and terroristic threatening in the first degree. He was sentenced to thirty-six months' probation conditioned upon his compliance with the rules and regulations of probation and ordered to pay court costs. Conditions of McLemore's probation included not committing an offense punishable by imprisonment; not using, selling, distributing, or possessing any illegal controlled substance; reporting to his supervising probation officer; being gainfully employed or enrolled as a student at all times; and paying fines and fees associated with his probation.

On October 1, 2012, a petition to revoke was filed alleging that McLemore had tested positive for illegal drugs on several occasions; failed to report to his required drug treatments;

and failed to pay fees as ordered. In February 2013, McLemore entered a negotiated plea of guilty to his probation revocation and was again sentenced to thirty-six months' probation conditioned upon his compliance with the rules and regulations of probation. The circuit court also ordered McLemore to satisfy fines, fees, costs, and restitution as previously ordered and required inpatient mandatory drug-and-alcohol treatment for ninety days.

On January 29, 2014, a second petition to revoke was filed alleging multiple violations of the terms and conditions of his probation by testing positive for marijuana on five separate occasions and by failing to pay his supervision fees. At the revocation hearing on June 3, 2014, the trial court found that McLemore had violated the terms and conditions of his probation and revoked his probation. The circuit court sentenced McLemore to ten years' imprisonment for the residential burglary and six years' imprisonment for the terroristic threatening in the first degree, but ordered that the sentences run concurrently in the Arkansas Department of Correction. From that order comes this appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, McLemore's counsel has filed a motion to be relieved as appellate counsel on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including a list of all rulings adverse to McLemore made by the trial court on all objections, motions, and requests made by either party related to revocation with an explanation as to why each adverse ruling is not a meritorious ground for reversal of the revocation. The clerk of this court furnished McLemore with a copy of his counsel's brief

and notified him of his right to file pro se points, but he has not done so. The State has not filed a brief.

In probation–revocation proceedings, the State has the burden of proving that the appellant violated the terms of his probation, as alleged in the revocation petition, and this court will not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Stockton v. State*, 2014 Ark. App. 300. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be accorded testimony, we defer to the trial court's superior position. *Williams v. State*, 2014 Ark. App. 19. The State need only show that the appellant committed one violation in order to sustain a revocation. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001).

In the present case, the only adverse ruling was the revocation of McLemore's probation. McLemore's probation officer, Kerri Craig, testified that McLemore had tested positive for marijuana on numerous occasions. Craig also testified that the probation office had exhausted all the resources it had to help McLemore, and yet he continued to test positive. For these reasons, the trial court's decision to revoke appellant's probation was not clearly against the preponderance of the evidence.

From a review of the record and the brief presented to this court, appellant's counsel has complied with the requirements of Rule 4–3(k) of the Arkansas Rules of the Supreme



Court and Court of Appeals. McLemore's revocation is affirmed, and counsel's motion to be relieved is granted.

Affirmed; motion to be relieved granted.

GRUBER and HOOFMAN, JJ., agree.

*Gary W. Potts*, for appellant.

No response.