SLIP OPINION



Cite as 2016 Ark. App. 333

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–765

| | | |
|---|---|---|
| MARCUS D. SMITH | | **Opinion Delivered** June 22, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2011-1048] |
| STATE OF ARKANSAS | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Counsel for appellant Marcus Smith has filed this no–merit appeal and motion to withdraw from the sentencing order revoking his probation. Pursuant to Arkansas Supreme Court Rule 4–3(k)(1) (2015), and *Anders v. California*, 386 U.S. 738 (1967), counsel's brief asserts that there is no issue of arguable merit to present on appeal. Because we agree, we affirm the revocation and grant counsel's motion to withdraw.

On October 31, 2011, Smith entered a negotiated plea on a charge of possession of pseudoephedrine with the purpose to manufacture methamphetamine, a Class D felony, and was sentenced to eighteen months' probation. Smith was ordered to pay fines, court fees and costs, and probation fees; and he was directed to obey the terms and conditions of his probation.

On October 4, 2012, the State filed a petition to revoke Smith's probation, alleging

that he had failed to pay fines, costs, and fees; that he failed to report to the probation office; that he failed to notify the sheriff and probation officer of his current address and employment; and that he departed from his approved residence without permission. After a hearing on March 28, 2013, Smith's probation was revoked, and the circuit court sentenced him to thirty-six months' probation conditioned upon serving ninety days in the Crittenden County jail. The conditions of his probation were, among other things, that he must report to his probation officer; pay fines, court costs, and probation fees; and cooperate with his probation officer and report to him or her as directed.

On May 6, 2014, the State filed a petition to revoke alleging that Smith failed to report to his probation officer; failed to pay fines, costs, and fees as directed; and that he failed to notify the sheriff of his current address and employment.

At the hearing on May 27, 2015, Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that Smith was ordered to pay $1770 in court fines, costs, and fees in monthly payments of $95. She testified that Smith made one $75 payment in December 2011 and another payment of $100 on the day of the hearing. April Thomas, Smith's parole supervisor, testified that Smith failed to make some of his scheduled appointments and that he had not been to an appointment since August 14, 2013.

At the hearing, Smith testified about his inability to pay fines, costs, and fees, and about his failure to report to his probation officer. Smith testified that at the present time, he, his girlfriend, and his children were living in a van, or sometimes at hotels or friends' homes. He testified that for a while he had been living with his mother but that she had made him leave

when Smith helped convict his brother of molesting Smith's son. Smith testified that around seven months prior to the hearing, he had been living in a three-bedroom home through an assistance program that helped people find jobs and adhere to the conditions of probation. Smith testified that he was working for a construction company and that he earned about $280 a week, but that he had not worked from June 2013 until a week and a half prior to the hearing. Smith testified that he relied on the city bus and his grandmother for transportation.

At the conclusion of the testimony, the circuit court stated that it was sympathetic toward Smith's predicament but that it found that Smith had inexcusably failed to report to his probation officer. The circuit court revoked Smith's probation and sentenced him to two years' imprisonment in the Arkansas Department of Correction. The circuit court also found that Smith's fines and costs would be satisfied with this sentence.

Counsel's no-merit brief on appeal discusses the circuit court's sole adverse ruling, the revocation of his probation, and explains why it is not a meritorious ground for reversal. Smith has not raised pro se points for reversal; accordingly, the State declined to file a responsive brief.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Williams v. State*, 2013 Ark. App. 422, at 3. The circuit court is required to find only one violation of Smith's probation conditions in order to revoke probation. *See Harris v. State*, 98 Ark. App. 264, 267, 254 S.W.3d 789, 792 (2007). On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id*. Because this

determination turns on questions of credibility and the weight to be given testimony, we defer to the circuit court's superior position. *Rogers v. State*, 2014 Ark. App. 310, at 2.

Having carefully examined the record and the brief presented to us, we hold that counsel has complied with Rule 4-3(k)(1) and *Anders*, *supra*, and that there is no merit to this appeal. The State presented evidence through Smith's parole supervisor, April Thomas, that Smith failed to report to his probation officer as ordered. Additionally, Smith admitted all allegations and testified that he had transportation available to him and that he knew where the probation office was located. Though he testified that he had endured personal hardship during his probation, he admitted that he had failed to attend most of his scheduled appointments and that he had the means to keep his appointments.

The circuit court exercised its role as the finder of fact and made a determination of credibility with regard to Smith's explanation for failure to report. Therefore, we hold that the circuit court's finding that Smith inexcusably failed to report to his probation officer was not clearly against the preponderance of the evidence. Accordingly, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*Tyler Ginn*, for appellant.

No response.