SLIP OPINION

Cite as 2014 Ark. App. 434

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-44

| | |
|---|---|
| BRENDA BOHANNON | **OPINION DELIVERED** SEPTEMBER 3, 2014 |
| APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR-2004-1145-1] |
| V. | HONORABLE ROBERT HOLDEN WYATT, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Brenda Bohannon appeals the revocation of her probation by the Jefferson County Circuit Court, for which she was sentenced to eight years' imprisonment in the Arkansas Department of Correction (ADC). She argues that the circuit court committed reversible error in revoking her probation without analyzing why she had failed to pay the court-ordered restitution. We affirm.

On or about November 17, 2004, the State filed a criminal information against appellant accusing her of violating the Arkansas Hot Check Law—(in amounts of less than $2500 but more than $200)—regarding multiple checks on Simmons First National Bank payable to various merchants—pursuant to Arkansas Code Annotated sections 5-37-301 to -307 (Repl. 2006). A judgment-and-disposition order was entered on September 20, 2006, listing appellant's plea of guilty and her sentence of 120 hours' community service, assessment

of a number of different court costs and a fine, and an order to pay restitution of $5,520.36 at the rate of $113 per month.

On October 5, 2011, the State filed a petition to revoke alleging that appellant had violated the terms of her probation because she had not paid her $1,150 in court fines and was delinquent $4,351.72 in restitution. The recommendation of the probation officer was to extend probation. After various continuances and appointments, on July 16, 2013, the State filed a supplemental petition to revoke alleging that appellant had violated additional terms of her probated sentence, which included to failing maintain or provide proof of gainful employment, making false, misleading, and deceptive claims that she had complied with the terms and conditions of her probation, and failing to complete her court-ordered community-service hours.

At the hearing on the State's petition, the circuit court found that appellant had made payments totaling $1,483.60—which left her owing $5,236.72 of the $6,720.32 originally owed. The circuit court found that she had violated the terms and conditions of her probation by failing to pay and that her failure to make the payments was willful. The circuit court revoked her probation and sentenced her to a term of eight years in the ADC pursuant to a sentencing order filed October 1, 2013. Appellant filed a timely notice of appeal on October 24, 2013.

In order to revoke probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011).

On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Williams v. State*, 2013 Ark. App. 592, at 1. Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Sanders v. State*, 2012 Ark. App. 697, at 2–3. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.* Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the defendant's failure to pay was inexcusable. *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45.

Appellant argues that the circuit court erred in revoking her probation, submitting that the circuit court should have granted the relief recommended by the probation officer—a continuation of her probation until she could pay the restitution. Appellant claims that the State's case consisted of testimony that indicated that the relevant records were untrustworthy and that no one really knew what had happened over the five years of probation. She maintains that the only reliable proof presented was the print-out of what was owed, and she notes that the circuit court modified that when presented with proof that the print-out was incorrect.

Appellant cites Arkansas Code Annotated section 5-4-205 (Supp. 2011), which provides in relevant part:

> (a)(1) A defendant who is found guilty or who enters a plea of guilty or nolo contendere to an offense may be ordered to pay restitution.



★★★★★

(f)(1) If the defendant is placed on probation or any form of conditional release, any restitution ordered under this section is a condition of the suspended imposition of sentence, probation, parole, or transfer.

(2) The court may revoke probation and any agency establishing a condition of release may revoke the conditional release if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order.

(3) In determining whether to revoke probation or conditional release, the court or releasing authority shall consider:
(A) The defendant's employment status;
(B) The defendant's earning ability;
(C) The defendant's financial resources;
(D) The willfulness of the defendant's failure to pay; and
(E) Any other special circumstances that may have a bearing on the defendant's ability to pay.

Appellant argues that the five factors listed in subsection (f)(3) weigh heavily in favor of not revoking her probation. She notes that she had been intermittently employed and had been off work for health reasons. She earned $372 per week, before taxes in her present job, which she claims is barely above the current poverty level for a family of two. She claims that her reference to lacking transportation at one point in time indicated that she had no real financial resources. She urges that while there was no proof of willfulness, there was proof of confusion over what appellant actually owed and had actually paid. Appellant cites *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008), in support of her argument that the circuit court erred in focusing solely on the fact that appellant did not pay without considering the factors she presented as to why she did not do so. *See also Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375; *Reese v. State*, 2009 Ark. App. 678.

We disagree. Viewed in the light most favorable to the State, the following evidence supports the circuit court's decision. It is undisputed that appellant entered a negotiated guilty plea to a C-felony violation of the statute, section 5–37–305(b)(2), pursuant to which appellant agreed to a sentence of sixty months' probation, and to pay a $750 fine, $150 in court costs, a $50 sheriff fee, a $250 DNA fee, and a monthly $25 probation fee. *See also* Ark. Code Ann. § 5-4-201(a)(2) (Repl. 2006). Appellant further agreed to make restitution under the plea agreement in the amount of $5,520.32. The amount of restitution was explained in a ledger annexed to the judgment-and-disposition order, which showed, check-by-check and merchant-by-merchant, the hot checks that appellant had pleaded guilty to writing.

At the hearing on the amended petition, the State established the amount of the fines appellant had agreed to pay pursuant to her plea agreement. Officer Blasius Awonsang testified that he had advised appellant in May 2011 that her fines and restitution accounts were delinquent, and that she responded by asserting that she had paid her obligations in full. Officer Awonsang also testified that he had advised appellant regarding her obligation to perform community service. In response to questions by the circuit judge, Officer Awonsang explained that appellant never presented him with receipts or other proof that she had made payments that were, for some reason, not credited to her fine and restitution balances.

Officer Tonya Lemons testified that she had notified appellant regarding her lack of payments and failure to perform community service in 2008. Officer Lemons also testified

that appellant reported for supervision in September 2008 with a bandaged hand, which appellant told her was because of a burn. Appellant told Officer Lemons that neither the burn nor the pain medication she was taking interfered with her ability to work.

Appellant testified at the hearing, first asserting that she was innocent of violating the statute, explaining, "I did not write any hot checks in 2004[,] but I did take a plea bargain." Appellant acknowledged that she was confused about the amount of restitution she was required to pay and considered her restitution obligation to be $415.72, the amount stated on an unfiled "criminal charges" document. Appellant claimed that she was entitled to rely on the document, which was not filed of record and predated the filing of the information, as setting the amount of her ordered restitution, as opposed to the amount listed on her judgment-and-commitment order and in documents memorializing her plea negotiations. Appellant also testified that she had an undergraduate degree in computer science and a master's degree in information management.

Appellant explained that she had paid a total of $1,483 during her five years of probation, and a payment-receipt history from the Jefferson County Sheriff's Office showing that amount of payment was entered into evidence without objection from the State. The payment ledger shows that appellant made from two to six payments per year, in amounts ranging from $5 to $329. She made a total of twenty-four payments during her sixty-month probationary period and made an average monthly payment of $24.73.

Appellant testified that she worked as an inspector at Tyson during the probationary period and also as a substitute teacher at the Pulaski County Special School District, starting

in September 2010. Appellant claimed to have provided her probation officers with medical documentation regarding a heat stroke she suffered at some point during her probation, which she claimed sporadically kept her from working during that time. But, appellant brought no documentation regarding her injuries to the hearing, and no confirming documentation of any periods of illness or injury was introduced at the hearing. Appellant testified that she had been gainfully employed during the entire probationary period except from June to September 2010. She testified that she had obtained a new job three weeks before the hearing—at Flextronics assembling cellular telephones, with a wage of $9.30 per hour.

In revoking appellant's probationary sentence, the circuit court found that she had paid $1,483.60 toward her fines and restitution, but that the remainder of the agreed-upon payments was outstanding. The circuit court noted that the amount of restitution and fines appellant agreed to pay was clearly explained in the judgment-and-disposition order she had signed, and it found that her failure to pay was willful.

Appellant's attempt to analogize her position to that of the defendants in *Phillips*, *supra*, and *Hanna*, *supra* is unavailing. First, the testimony regarding Phillips's and Hanna's medical conditions, both of whom were unable to work and whose only sources of income were disability benefits, were both more conclusively established and more debilitating than appellant's unsubstantiated testimony that she had been unable to work at certain times during the previous five years. Additionally, both Phillips's and Hanna's required restitution

7

payments accounted for a much higher portion of their incomes than appellant's in this case.[1] Finally, there is no indication in the record before us, as there was in *Phillips* and *Hanna*, that the circuit court either refused to, or thought it did not have to, consider appellant's employment status, earning ability, resources, or willfulness to pay. We note that the statute does not require explicit findings of fact on those factors, and the evidence before us demonstrates that the circuit court heard more than sufficient testimony on those subjects to properly exercise its role as the finder of fact and make a determination of credibility with regard to appellant's explanation for her nonpayment.

Appellant was admittedly capable of working, and the circuit court did not believe that she was making a sufficient effort to make payments. When considering the lower burden of proof in revocation proceedings and giving the proper deference to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence, we hold that the circuit court did not clearly err in finding that appellant willfully violated the condition of her probation requiring her to make payments as directed.

Affirmed.

PITTMAN and WHITEAKER, JJ., agree.

*Cortinez Law Firm*, by: *Robert R. Cortinez, Sr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[1]Phillips's payments equaled nearly one-sixth of his income and Hanna's nearly one third, as opposed to, at worst, less than one-tenth of appellant's income in this case.