SLIP OPINION



Cite as 2015 Ark. App. 113

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-714

| | | |
|---|---|---|
| | | **OPINION DELIVERED** FEBRUARY 25, 2015 |
| DARRELL ROBERTSON | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15NCR-04-100] |
| V. | | HONORABLE JERRY D. RAMEY, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION DENIED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Darrell Robertson appeals from a revocation of his suspended imposition of sentence (SIS) by the Conway County Circuit Court. On appeal, he argues that the trial court erred in revoking his SIS because there was insufficient proof that he willfully failed to pay restitution. We affirm and deny appellant's motion to remand for resentencing.

Appellant was charged in Conway Circuit Court Case No. 04-100A with three counts of residential burglary, one count of commercial burglary, two counts of theft of property, and one count of manufacturing a controlled substance. On September 7, 2005, appellant pled guilty to one charge of residential burglary and one charge of manufacturing a controlled substance, and the remaining charges were *nolle prossed*. Appellant was sentenced to 120 months—ninety-six of which were suspended—at a regional correctional facility and ordered to pay a total of $14,850 in restitution, as well as $150 in court costs.

SLIP OPINION

On August 8, 2013, the State filed a petition to revoke the SIS for non-payment of restitution. A hearing on the petition was held on April 16, 2014. The circuit court found that appellant willfully and inexcusably violated his SIS because he failed to maintain required court-ordered payments and ordered appellant to serve the remainder of his suspended sentence in the Arkansas Department of Correction pursuant to a sentencing order filed April 16, 2014. Appellant filed a timely notice of appeal on April 22, 2014.

A circuit court may revoke a SIS if it finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). A circuit court's decision to revoke a SIS for failure to pay restitution will be upheld on appeal unless the decision is clearly against the preponderance of the evidence. *Bohannon v. State*, 2014 Ark. App. 434, 439 S.W.3d 735. Where the alleged violation involves the failure to pay court-ordered restitution, after the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for his failure to pay. *Id*. It is the defendant's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id*. Ultimately, the State has the burden of proving that the defendant's failure to pay was inexcusable. *Id*.

In determining whether to revoke probation for a failure to pay restitution, the circuit court shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay. Ark. Code Ann. § 5-4-205(f)(3)(A)–(E) (Repl.

2013).  Other facts bearing on whether failure to pay restitution was inexcusable are the defendant's particular economic circumstances, the quantity of his efforts to pay, and the quality of those efforts.  *Barringer v. State*, 2010 Ark. App. 369.  If the defendant is placed on probation or any form of conditional release, any restitution ordered under this section is a condition of the SIS, probation, parole, or transfer.  Ark. Code Ann. § 5-4-205(f)(1).

Appellant argues that here, as in *Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375, the State merely proved nonpayment; it did not prove that nonpayment was willful.  Appellant introduced evidence that his income was estimated at $5000 per year until he was disabled in 2010.  Appellant testified that he subsequently filed disability claims, claimed to have Lupus and back problems, and his mother testified to his disability and inability to walk up the stairs without an apparatus to provide air.  Appellant cited $200 per month child-support payments and monthly rent of $300 as the reasons he was unable to keep up with his court-ordered restitution payments.  Appellant notes that rent and child support would account for $6000 per year, leaving him with a deficit of $1000 per year before daily expenses at his estimated prior income per year of $5000.  In spite of that deficit, the State acknowledged that appellant paid $795 of the court-ordered restitution prior to revocation.

Appellant argues that the State did not introduce any evidence to contradict his evidence of income and offered no evidence of his expenses, just as occurred in *Hanna*.  *See Hanna*, 2009 Ark. App. 809, at 8–9, 372 S.W.3d at 380.  Accordingly, he urges that he met his burden of producing evidence to explain and justify his reason for the nonpayment of court-ordered restitution.

We disagree and hold that the trial court did not clearly err in finding that the State proved by a preponderance of the evidence that appellant inexcusably failed to comply with the written terms and conditions of his SIS. The State introduced, without objection, evidence of appellant's nonpayment of his restitution. Appellant testified that, although he was working and had the ability to pay from 2006 through 2010, he did not make any payments towards his restitution. Appellant testified that he became sick sometime in 2010, yet he did not file for disability until 2013. During that time he testified that he "wasn't doing anything . . . [.]" It is undisputed that appellant was denied disability benefits twice and, at the time of the revocation hearing, he still was not receiving disability benefits. It is also undisputed that it was only after appellant was arrested on the revocation warrant that he attempted to make payments towards his court-ordered restitution.

In its decision to revoke appellant's SIS, the circuit court specifically found that, although appellant had the "complete ability" to pay from 2007 through 2010, he paid "nothing whatsoever" towards his court-ordered obligation. Based on this evidence, the circuit court found that appellant's failure to pay restitution was "willful" and that he inexcusably failed to comply with the circuit court's order, thus violating a condition of his SIS. Given appellant's failure to present a reasonable excuse regarding his nonpayment of restitution, the circuit court's decision to revoke for failing to comply with the terms and conditions of his SIS was not clearly erroneous.

Affirmed; motion denied.
KINARD and BROWN, JJ., agree.
*Amos J. Richards*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.