

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-31

TABARICK SIMINGTON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** November 2, 2016

APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NOS. CR-2012-68 AND CR-2012-69]

HONORABLE HAROLD S. ERWIN, JUDGE

AFFIRMED

**BART F. VIRDEN, Judge**

On September 16, 2015, the Sharp County Circuit Court revoked Tabarick M. Simington's probation and sentenced him to a term of 180 months' imprisonment and to a term of 120 months of suspended imposition of sentence. The circuit court also found that Simington owed $145,000 in restitution. Simington appeals the revocation of his probation.

On March 31, 2014, Simington was convicted of two counts of theft of property and was sentenced to a term of probation for a period of 180 months on both counts. Simington was also ordered to pay restitution, fees, and fines. On June 5, 2015, the State filed a petition to revoke Simington's probation based on his failure to pay monthly fines, restitution, and costs. The State also alleged that Simington had absconded and failed to report to his probation officer.

SLIP OPINION

A revocation hearing took place on September 16, 2015. At the hearing, probation officer James Irvin testified that Simington owed over $145,000 in restitution and fees and that he had made no payments in 2014 or 2015. Irvin explained that Simington's case had been transferred to Texas where he had been living and that authorities there had sent a report stating that Simington had not reported to his probation officer since January 6, 2015. Irvin testified that when the petition to revoke was filed, Simington's whereabouts were unknown.

Simington testified at the hearing. He explained that he had lost everything, both financially and personally. In order to start over in his hay business he had moved back to Texas. He stated that he had sold over 4000 rolls of hay and that he would like to commit half of his profits toward the restitution that he owed. Simington stated, "I have no excuse other than being in a dark spot for a long time." Simington later reiterated that he had "absolutely no excuse."

The circuit court revoked Simington's probation and sentenced him to 180 months on one count of felony theft, 120 months suspended on the second count of felony theft, and $145,000 in restitution. Simington filed a timely notice of appeal.

On Simington's initial appeal, we ordered rebriefing because Simington failed to include in the addendum the order containing the terms and conditions of his probation. Both the addendum and the record now contain the written terms and conditions of probation, and having corrected that error, the appeal is properly before this court.

On appeal Simington argues that the circuit court erred in revoking his sentence without making a finding that he had failed to make sufficient bona fide effort to pay his fines and restitution.[1]

On appeal, a revocation of probation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Where multiple violations are alleged as justification for revocation of probation, the circuit court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the violations. *Doyle v. State*, 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609.

The circuit court was presented with two grounds for revocation: (1) Simington absconded and had not reported to his probation officer; (2) Simington had not paid fines or restitution. Simington admitted that he had gone back to Texas in order to build his business and that he had not made payments as he had been ordered to do. He testified that he had no excuse for violating the terms of his probation. On appeal, he only challenges the circuit court's findings concerning fines and restitution and does not address the other, alternative ground of his admitted absconding and failure to report. Because Simington failed

---

[1] Simington also expands his argument on this second attempt at an appeal to include an assertion that the State impermissibly failed to include the conditions and terms of supervised probation in its petition to the circuit court. This argument was not made at the circuit-court level, and it is not preserved for our review. *Myers v. State*, 2014 Ark. App. 720, at 3, 451 S.W.3d 588, 590 (2014)

to challenge both of the grounds relied on by the circuit court in revoking his probation, we affirm the judgment of the circuit court without reaching the merits.

Affirmed.

HARRISON and BROWN, JJ., agree.

*R.T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., and *Garrett Morgan*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.