
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–870

| | |
|---|---|
| FRANKIE DEWAYNE VON HOLT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 17, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66CR-08-486 & 66CR-08-790]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED AS MODIFIED |

## N. MARK KLAPPENBACH, Judge

Frankie Dewayne Von Holt appeals the Sebastian County Circuit Court's revocation of his suspended imposition of sentence (SIS). In July 2008, appellant Von Holt pled guilty to six felony offenses[1] and was sentenced to concurrent terms of five years in the Arkansas Department of Correction (ADC) for breaking or entering, five years in the ADC with an additional ten-year SIS for possession of methamphetamine with intent to deliver, and five years in the ADC with an additional five-year SIS for possession of drug paraphernalia. Under the terms and conditions of the SIS, appellant was ordered to pay restitution to the victims of the breaking or entering and to pay a $100 fee for his public defender.

The State petitioned to revoke appellant's suspended sentence on December 30,

---

[1]Four counts of breaking or entering, one count of possession of methamphetamine with intent to deliver, and one count of possession of drug paraphernalia.

2015, asserting that appellant had violated the terms and conditions of the SIS by (1) committing new offenses of trafficking of a controlled substance, possession of a controlled substance with purpose to deliver, possession of drug paraphernalia, and conspiracy to deliver methamphetamine; and (2) failing to pay restitution and public defender fees.

A revocation hearing was held on August 24, 2016 regarding violation of appellant's SIS. The trial court heard testimony on appellant's charges that were the result of a controlled buy conducted by Fort Smith Police on December 22, 2015. On that day, police officers used a confidential informant to purchase methamphetamine at the residence of Curtis Jones. Shortly after the confidential informant entered Jones's residence, appellant arrived in a truck registered in his name. Appellant, Jones, and the informant were all inside the residence for less than ten minutes, after which the informant returned to police with a bag of a substance that field-tested positive for methamphetamine. Police obtained and executed a search warrant within one hour of the controlled buy.

Approaching the residence with the search warrant, police encountered Jones and appellant outside, leaning against appellant's truck and talking. The men were detained and searched. Although Detective Napier of the Fort Smith Police Department testified that the audio recording of the controlled buy showed that the actual delivery occurred before appellant entered the residence and that the only conversation was between appellant and Jones, police discovered the $200 in recorded bills—the "buy money"—in appellant's pocket. During the search, police discovered and photographed multiple bags of what would

later test positive for methamphetamine, along with a small amount of marijuana and paraphernalia including a pipe and digital scale. The methamphetamine, divided into bags and stuffed into an upholstery cleaning wipes container, was found inside a pair of rubber boots in the bed of the truck.

At the hearing, the trial court also heard testimony regarding another ground for revocation. As part of the terms and conditions of his SIS, appellant had been ordered to pay restitution to the victims of his original breaking-or-entering conviction along with a fee for his public defender.[2] The petition asserted appellant's failure to pay these fees over the past year as a second and independent ground for revocation. The State presented evidence that appellant had not made a restitution payment since July 29, 2015 and still owed over $10,000.

Appellant moved for a directed verdict at the close of the testimony, which was denied. The trial court found that appellant had violated the terms and conditions of his SIS and sentenced him to an aggregate term of twenty-five years in the ADC.

Appellant argues that the trial court erred in ruling that there was sufficient evidence to show that appellant inexcusably violated the terms and conditions of his suspended sentence. Primarily, appellant argues that the State failed to establish by a preponderance of the evidence a prima facie case that appellant was trafficking methamphetamine.

---

[2]Appellant was required to pay $50 per month beginning 90 days after his release from the 60-month sentence for breaking or entering, in addition to a $100 public-defender fee.

SLIP OPINION

As a second point on appeal, appellant asserts that the State did not adequately prove that his failure to pay restitution and public-defender fees was willful[3] and therefore failed to prove that appellant had violated that condition of his SIS.

To revoke a suspended sentence, the State bears the burden of proving by a preponderance of the evidence that the defendant violated a condition of the suspended sentence. *Jones v. State*, 355 Ark. 630, 633, 144 S.W.3d 254, 255 (2004); Ark. Code Ann. § 5-4-309(d) (Supp. 2003). On appeal, a trial court's revocation of a suspended sentence will be affirmed unless the decision is clearly against the preponderance of the evidence. *Jones*, 355 Ark. at 633, 144 S.W.3d at 255; *Simington v. State*, 2016 Ark. App. 514. The State's burden of proof for revocation of a suspended sentence—preponderance of the evidence—is lower than that required to sustain a criminal conviction. *Jones*, 355 Ark. at 633, 144 S.W.3d at 255. Therefore, evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Id.*, citing *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Where multiple SIS violations are alleged, a trial court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the suspended imposition of sentence. *Simington*, 2016 Ark. App. 514, at 3 (citing *Doyle v. State*, 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609); *Cheshire v. State*, 80 Ark. App. 327, 331, 95 S.W.3d 820 (2003).

At the revocation hearing, the State presented multiple grounds for revocation:

---

[3]Appellant's counsel raised this argument below when moving for a directed verdict.

SLIP OPINION

Appellant had committed offenses of trafficking of a controlled substance, possession of a controlled substance with purpose to deliver, possession of drug paraphernalia, conspiracy to deliver methamphetamine, and failure to pay restitution and public-defender fees.

With revocation of a suspended sentence, it is well established that the State need only prove, by a preponderance of the evidence, that the defendant failed to comply with any one term of the suspended sentence. Here, a preponderance of the evidence supports all grounds alleged by the State for revocation. Appellant's "Restitution Case Profile," entered into evidence without objection at the revocation hearing, shows that appellant did not make any restitution payments after July 29, 2015. The profile also shows appellant's outstanding balance of $100 for his public defender. The State presented this evidence of nonpayment, and the burden of proof shifted to appellant to provide a reasonable excuse for his failure to pay. *See Robertson v. State*, 2015 Ark. App. 113, at 2; *Bohannon v. State*, 2014 Ark. App. 434, 439 S.W.3d 735.

Not only did appellant fail to offer an excuse for nonpayment, he seemed to misunderstand the burden of proof, essentially asserting that the State had the burden to show that his nonpayment was willful. As discussed above, this is not the correct standard. Additionally, appellant's argument on this point is vague and cites no authority and is therefore meritless. Under the appropriate standard of review, we do not believe the trial court's ruling that appellant inexcusably failed to pay his required fees is clearly against the preponderance of the evidence. Therefore, we must affirm.

SLIP OPINION

Were we to reach the allegations relating to methamphetamine and drug paraphernalia, we would also affirm. Detective Napier testified that when they executed the search warrant at Jones's residence, they discovered in appellant's pockets the $200 in marked bills that had been given to the confidential informant to purchase drugs. Detective Napier testified that they also discovered the rubber boot containing bags of methamphetamine in the bed of appellant's truck directly below where appellant was leaning. Also in appellant's truck, Napier testified, the officers discovered Ziploc bags, digital scales, a pill bottle containing various types of pills, and paraphernalia associated with measuring drugs. Arkansas State Crime Lab chemist Nick Dawson testified that he tested the items from the truck, which tested positive for 248.5 grams of methamphetamine along with other controlled substances. This is enough to prove the allegations of trafficking and possession of a controlled substance and drug paraphernalia beyond a preponderance of the evidence. Therefore, we affirm.

Although we affirm the revocation, we must address a sentencing issue in this case. "The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal." *Valencia v. State*, 2016 Ark. App. 176, at 6 (citing *Reyes v. State*, 2015 Ark. App. 55, 454 S.W.3d 279). "If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding." *Id.* (citing *Walden v. State*, 2014 Ark. 193, at 3, 433 S.W.3d 864, 867).

The original sentencing order shows that appellant was given 60 months in the ADC for his breaking-or-entering convictions. This was not a suspended sentence, and appellant served the prison sentence. On the revocation sentencing order, however, the trial court "revoked" this sentence and reinstated a 48-month sentence on the breaking-or-entering convictions. Because the original 60-month sentence was not suspended, this new sentence on the breaking-or-entering convictions is illegal. A sentence that is not suspended cannot be revoked. Because this court may correct an illegal sentence on appeal sua sponte, we vacate appellant's new 48-month sentence on the breaking-or-entering convictions.

Affirmed as modified.

GRUBER, C.J., and HIXSON, J., agree.

*The Burns Law Firm, PLLC*, by: *Meagan Burns*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.