Cite as 2019 Ark. App. 473

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-313

| | |
|---|---|
| | **Opinion Delivered** October 23, 2019 |
| DAVID LEE DANIELS, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-17-1342]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

In January 2018, appellant David Lee Daniels, Jr., received a six-year suspended imposition of sentence (SIS) after pleading guilty to aggravated assault on a family or household member. In December 2018, the State filed a petition to revoke alleging that appellant had violated the terms and conditions of his SIS by committing the new offense of possession of oxycodone and by failing to pay his fine, costs, and fees. Following a hearing, the circuit court revoked appellant's SIS and sentenced him to four years' imprisonment and two years' SIS. Appellant appeals from the revocation, and we affirm.

To revoke a suspended sentence, the State bears the burden of proving by a preponderance of the evidence that the defendant violated a condition of the suspended sentence. *Von Holt v. State*, 2017 Ark. App. 314, 524 S.W.3d 19. On appeal, a circuit court's revocation of a suspended sentence will be affirmed unless the decision is clearly

against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Id.* When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the SIS. *Id.*

Here, the circuit court found that the State had proved both violations alleged—possession of oxycodone and failure to pay his fine, costs, and fees—and appellant challenges both grounds on appeal. We affirm on the possession ground; thus, it is unnecessary to address the failure-to-pay ground.

At the revocation hearing, Detective Stephen Becker testified that in October 2018, he was dispatched to the home of Ms. Carla Freeman, who wanted appellant removed from her home. Becker found appellant asleep in the bedroom, and after waking him, appellant sat on the side of the bed. Becker said that appellant had a wadded-up piece of paper in his hand that he dropped twice. After he dropped it the second time, Becker asked appellant to hand it to him. Becker said that the piece of paper contained pills that were later identified by the crime lab as oxycodone. Becker said that appellant had a bag containing pill bottles of several different prescription medications, but none were for oxycodone.

Appellant testified that when he went to sleep on Ms. Freeman's bed, there were pills and other items on the bed. He said that he never had anything in his hand that he dropped and then handed to the officer. Appellant said that the officer picked something up off the floor, but he never saw what it was. Appellant testified that he had twenty different prescriptions, including one for oxycodone, but the pills the officer found were not his.

2

Appellant first argues that he could not have illegally possessed the oxycodone because he has a prescription for it. However, appellant testified at the hearing that the pills found by the officer were not his, and the officer testified that none of the pill bottles belonging to appellant contained oxycodone. Appellant also argues that there is a "serious question" as to the ownership of the pills and claims that the State's failure to have Ms. Freeman testify is "very telling" and raises a presumption that her testimony would have been unfavorable to the State. This court has held, however, that there is no inference on appeal that the testimony of a witness under the control of a party would be unfavorable to that party when the witness is not present at the trial and is not called to testify. *Barton v. Brockinton*, 2017 Ark. App. 369, 524 S.W.3d 430. Furthermore, Ms. Freeman was not "under the control" of the State, and as the State notes, even if she had testified that the pills belonged to her, this would not make appellant's possession of them legal.

We defer to the circuit court's determinations regarding the credibility of witnesses and the weight to be given testimony. *Siddiq v. State*, 2016 Ark. App. 422, 502 S.W.3d 537. The officer's testimony was sufficient to establish by a preponderance of the evidence that appellant committed possession of a controlled substance. Accordingly, we affirm the revocation.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Ogles Law Firm, P.A.*, by: *William Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Y. Yarbrough*, Ass't Att'y Gen., for appellee.